United States District Court
Southern District of Texas

**ENTERED**

February 14, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| RENE MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00276 |
| | § | |
| AMANDA OSTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rene Mejia, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff raises constitutional claims against: (1) three Aransas County prosecutors related to his two ongoing criminal cases in the 36th Judicial District Court, Case Nos. A-23-5013-CR and A-22-5176-CR; and (2) court-appointed counsel for rendering ineffective assistance during his criminal proceedings.

Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.  Also pending is Plaintiff's Motion to Suppress Evidence (Doc. No. 12) and a letter received by the Court on January 16, 2024 (Doc. No. 13) which the undersigned construes as seeking mandamus relief.  For the reasons set forth below, the undersigned recommends that the district court take the following actions:

- DISMISS without prejudice Plaintiff's claims for money damages against Defendants Amanda Oster, Sabrina Austell, and Jaclyn Johnson in their official capacities as barred by the Eleventh Amendment;

- DISMISS Plaintiff's claims seeking habeas relief against Defendants without prejudice to raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies;

- DISMISS with prejudice Plaintiff's remaining claims against Defendants Oster, Austell, and Johnson in their individual capacities as frivolous, for failure to state a claim upon which relief can be granted, or on immunity grounds pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

- DISMISS with prejudice Plaintiff's claims against John or Jane Doe Court-Appointed Attorney and Douglas Defratus as frivolous and for failure to state a claim upon which relief can be granted pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1);

- DENY Plaintiff's Motion to Suppress Evidence (Doc. No. 12), construed as a request for mandamus relief;

- DENY Plaintiff's letter (Doc. No. 13), construed as seeking leave to amend his complaint by either asserting claims on behalf of other pretrial detainees or adding them as plaintiffs to this action, as futile; and

- IMPOSE a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

---

[1]  Plaintiff is WARNED that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  28 U.S.C. § 1915(g).

### B. Background.

#### 1. Plaintiff's present § 1983 action.

Plaintiff is currently confined at the Aransas County Detention Center ("ACDC") in Rockport, Texas.  In his original complaint, Plaintiff sues Amanda Oster, Sabrina Austell, and Jaclyn Johnson.  (Doc. No. 1, p. 1.)  According to Plaintiff, each defendant is a state prosecutor in Aransas County.  *Id.*

Plaintiff raises claims related to his two ongoing criminal cases in Texas' 36th Judicial District Court, case numbers A-23-5013-CR and A-22-5176-CR.  (Doc. No. 1, p. 1.)  Plaintiff alleges that he has been denied a preliminary hearing, that he has been subjected to an illegal indictment by an illegally impaneled grand jury, and that he has been coerced into signing a plea agreement.  *Id.* at 1, 5-10.  Plaintiff further complains that one of his court-appointed attorneys rendered ineffective assistance of counsel by yelling at Plaintiff in court and for failing to assist Plaintiff with his *pro se* motion to set aside the indictment, *pro se* motion to dismiss the indictment, and various other *pro se* motions filed in his criminal proceedings.[2]  *Id.* at 2.  Citing several constitutional amendments and articles, Plaintiff primarily claims that his due process and equal protection rights were violated in connection with the Aransas County criminal cases.  *Id.* at 3-5, 8.

---

[2]  In a separate order, the Court added "John or Jane Doe Court-Appointed Attorney" as a defendant in this case.

### 2. *Plaintiff's allegations as set forth in his response to the Court's questionnaire.*

Following the filing of his complaint, the Court issued an order directing Plaintiff to respond to a questionnaire containing 32 questions.  (Doc. No. 9.)  Plaintiff made the following representations in his responses to the Court's questionnaire (Doc. No. 10).

In case numbers A-23-5013-CR and A-22-5176-CR, Plaintiff was charged with "theft of material: Alum/Brnz/Copper <20K" and possession of a controlled substance in penalty group one greater than or equal to one gram and less than 4 grams.  (Doc. No. 10, p. 1.)  Plaintiff also has been charged in a separate Aransas County with possessing a controlled substance in penalty group one between one and sixteen grams.  *Id.*  Plaintiff does not appear to raise any claims regarding this separate criminal proceeding.  According to Plaintiff, no final judgments have been entered in case numbers A-23-5013-CR or A-22-5176-CR.  *Id.* at 1-2.  In his response received by the Court on November 27, 2023, Plaintiff indicates that a trial was scheduled for December 4, 2023.  *Id.* at 2.  Plaintiff further states that he is currently represented by attorney Douglas Defratus in these criminal proceedings.  *Id.*  According to Plaintiff, Defratus is not the same attorney mentioned in the original complaint who allegedly yelled at Plaintiff and failed to assist him with the *pro se* motions.  *Id.* at 3.

Plaintiff states that he did not receive a preliminary hearing in his Aransas County criminal proceedings.  (Doc. No. 10, p. 3.)  Neither Plaintiff nor his court-appointed counsel requested a preliminary hearing.  *Id.*  Plaintiff's court-appointed counsel also allegedly failed to advise Plaintiff with regard to requesting a preliminary hearing.[3]  *Id.*  Plaintiff did not clearly indicate whether the attorney responsible was the one referenced in his original complaint,

---

[3] In a separate order, the Court added Douglas Defratus as a defendant in this case.

Defratus, or both.  Plaintiff believes his due process rights were violated because a preliminary hearing is a critical stage of the criminal proceedings.  *Id.*

With regard to his claim that his indictment was illegal, Plaintiff states that he was never afforded the opportunity to testify on his behalf in opposition to the charges brought against him. (Doc. No. 10, p. 4.)  Plaintiff further states that the grand jurors were illegally impaneled because he "was not afforded [his] right to be present and challenge the array of jurors at the time of [e]mpanelment [sic]."  *Id.*

With respect to his Aransas County criminal cases, Plaintiff did not enter into a plea agreement.  (Doc. No. 10, p. 4.)  Plaintiff states, however, that Oster threatened Plaintiff with a sentence of 25 years or 99 years to life if he did not plead guilty to a lesser charge having a seven-year sentence.  *Id.* at 5.  According to Plaintiff, Austell's and Johnson's names were listed on the plea agreement paperwork on behalf of Oster.  *Id.*  Plaintiff states that his court-appointed defense attorney also sought to coerce Plaintiff to enter into the plea agreement even though he was aware of information as to Plaintiff's defense.  *Id.*

Plaintiff indicates that he filed the following *pro se* motions with the Aransas County district court in his criminal cases: a motion to dismiss, a motion to set aside indictment, and a motion to suppress evidence.  (Doc. No. 10, p. 6.)  The Aransas County district court did not rule on any of the motions and instead denied Plaintiff's ability to present the motions.  *Id.*  Plaintiff was not aware of any motions filed by defense counsel on his behalf, including any motion to reduce bond.  *Id.*  Plaintiff states that he has been denied any type of bond reduction throughout the pendency of his criminal proceedings.  *Id.*

Plaintiff acknowledges he has not filed any state habeas petitions under Article 11.08 of the Texas Code of Criminal Proceeding challenging any aspect of his Aransas County criminal cases. (Doc. No. 10, pp. 7-8.)

### 3. Plaintiff's claims.

Plaintiff sues Oster based on her role as a prosecutor in case numbers A-23-5013-CR and A-22-5176-CR. (Doc. No. 10, p. 8.) He claims that Oster violated his due process rights by failing to ensure "that procedural law and criminal procedure are enforced to the utmost fairness in justice." *Id.* Plaintiff sues Oster in her individual and official capacities. *Id.*

Plaintiff sues Austell based on her role as a prosecutor in case numbers A-23-5013-CR and A-22-5176-CR. (Doc. No. 10, p. 9.) He claims that Austell violated his constitutional rights because her name was on the offered plea bargain of "25 yrs 99 to life." *Id.* Plaintiff sues Austell in her individual and official capacities. *Id.*

Plaintiff sues Johnson based on her role as a prosecutor in case numbers A-23-5013-CR and A-22-5176-CR. (Doc. No. 10, p. 9.) He claims that Johnson violated his constitutional rights because her name was on the offered plea bargain of "25 yrs 99 to life." *Id.* Plaintiff sues Johnson in her individual and official capacities. *Id.* at 10.

Lastly, Plaintiff asserts claims of ineffective assistance of counsel against his court appointed attorneys: the John or Jane Doe court-appointed counsel and Defratus. (Doc. No. 1, p. 2; Doc. No. 10, p. 3.)

Plaintiff seeks the following relief: (1) compensatory damages for the days he has spent incarcerated as a pretrial detainee; (2) punitive damages; (3) dismissal of the charges brought against him in case numbers A-23-5013-CR and A-22-5176-CR; and (4) immediate release from confinement at the ACDC. (Doc. 10, pp. 10-11.)

### 4. *Plaintiff's recent submissions.*

Plaintiff has filed a document with the Court that has been docketed as a "Motion to Suppress Evidence." (Doc. No. 12.) He states in his correspondence to the Court that he has enclosed the motion he previously submitted to the 36th Judicial District Court in case numbers A-23-5013-CR and A-22-5176-CR. *Id.* at 6. In his letter received by the Court on January 16, 2024, Plaintiff seeks to raise similar constitutional claims on behalf of other pretrial detainees confined at the ACDC who are involved in criminal proceedings before the Aransas County district court. (Doc. No. 13.)

### C. *Screening standard of review.*

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*). "The issue is not whether the plaintiff will ultimately prevail, but

whether he is entitled to offer evidence to support his claim." *Id.* (citations omitted).  Thus, dismissal is inappropriate "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.  If the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Pleadings filed by *pro se* litigants like Plaintiff are construed using a less stringent standard of review. Documents filed by *pro se* litigants are to be liberally construed, and pro se complaints, however inartfully drafted they might be, are held to less stringent standards than formal pleadings drafted by lawyers. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A plaintiff's well-pleaded factual allegations in the complaint are to be taken as true for purposes of screening, but such deference does not extend to conclusory allegations, unwarranted factual inferences, or legal conclusions. *DeMarco v. Davis*, 914 F.3d 383, 386-87 (5th Cir. 2019).

### D. Discussion.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a

right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

### 1.  Prosecutorial immunity bars Plaintiff's claims seeking monetary relief against Oster, Austell, and Johnson in their official and individual capacities.

Plaintiff cites several infirmities in connection with the pending criminal proceedings in case numbers A-23-5013-CR and A-22-5176-CR.  Specifically, he alleges that he has been denied a preliminary hearing, that he has been subjected to an illegal indictment by an illegally impaneled grand jury, and that he has been coerced into signing a plea agreement.  (Doc. No. 1, pp. 1, 5-10.)  With respect to these constitutional claims, Plaintiff sues Oster, Austell, and Johnson in their individual and official capacities based on their roles as prosecutors in those cases.  (Doc. No. 10, pp. 8-9).

### a.  Official capacity claims.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment to the United States Constitution, however, prevents federal courts from hearing cases brought by citizens of a State against their own State.  *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).  It also bars claims for money damages against a state or state agency.  *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).  An action for monetary damages against a state official in his or her official capacity is one against the state itself and is barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

"When acting in their prosecutorial capacities, Texas criminal district attorneys are considered agents of the State of Texas, which are immune from claim for damages under the Eleventh Amendment." *Carter v. Varnell*, No. 4:22-cv-558-O, 2023 WL 3829148, at *8 (N.D. Tex. June 5, 2023) (citing *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997)). Plaintiff's official capacity claims against the prosecutor defendants are based on actions they allegedly took in prosecuting Plaintiff. Thus, such claims seeing monetary relief against Oster, Austell, and Johnson in their official capacities are subject to dismissal without prejudice as barred under the Eleventh Amendment. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (claims barred by the Eleventh Amendment are subject to dismissal for lack of subject matter jurisdiction and must, therefore, be dismissed without prejudice).

### b. *Individual capacity claims.*

Plaintiff's claims for damages against Oster, Austell, and Johnson in their individual capacities are barred by prosecutorial immunity. "A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.'" *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and carrying the case through the judicial process." *Boyd v. Biggers*, 31 F.3d 279, 294 (5th Cir. 1994). Prosecutorial immunity protects prosecutors from all liability for their actions in connection with their official functions in the judicial phase of criminal proceedings, even if they act maliciously, wantonly, or negligently. *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020) (citing *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987)).

Plaintiff's allegations and claims against the Aransas County prosecutors all relate to how they have litigated the criminal proceedings in case numbers A-23-5013-CR and A-22-5176-CR

against him.  None of Plaintiff's allegations against the prosecutors involve conduct outside of their respective prosecutorial roles.  Accordingly, Plaintiff's claims seeking monetary relief against Oster, Austell, and Johnson in their individual capacities are barred by prosecutorial immunity.

### 2.  Plaintiff's claims against Defendants seeking dismissal of charges and release from confinement should be dismissed without prejudice.

With respect to his claims against the defendants, Plaintiff asks the Court to dismiss his charges in case numbers A-23-5013-CR and A-22-5176-CR and to order his immediate release from confinement at the ACDC.  (Doc. No. 10, pp. 10-11.)  However, "[t]he exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief."  *Gray v. Guerrero*, No. A-21-CV-762, 2021 WL 4438144, at \*2 (W.D. Tex. Sept. 28, 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).  "To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies.  *Id.* (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973)).

"Although exhaustion of state court remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), Fifth Circuit precedent holds that the federal courts generally should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."  *Gray*, 2021 WL 4438144, at \*2  (citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) and *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976)).  "Absent special circumstances, pretrial federal habeas corpus petitions are discouraged under the doctrine of abstention announced in *Younger v. Harris*, 401 U.S. 37, 45

(1970), which prohibits direct interference by a federal court with a pending state criminal prosecution." *Driver v. Garcia*, No. H-15-0857, 2015 WL 12942418, at *3 (S.D. Tex. Jul. 17, 2015) (Atlas, J.).  In other words, "federal habeas relief should not be used as a 'pre-trial motion forum for state prisoners.'" *Id.* (quoting *Braden*, 410 U.S. at 493).

Plaintiff alleges nothing to suggest that he has exhausted his state court remedies with respect to his claims brought against any of the named defendants or that special circumstances warrant intervention into his state criminal proceedings.  Accordingly, the undersigned recommends that Plaintiff's claims seeking habeas relief against Defendants be dismissed without prejudice to Plaintiff raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies.

### 3.  Plaintiff's claims against his court-appointed counsel are subject to dismissal because his counsel is not a state actor.

In his original complaint, Plaintiff complains about the conduct of John or Jane Doe court-appointed counsel who allegedly rendered ineffective assistance by yelling at Plaintiff in court and failing to assist Plaintiff with his *pro se* motion to set aside the indictment, *pro se* motion to dismiss the indictment, and various other *pro se* motions filed in his criminal proceeding.  (Doc. No. 1, p. 2.)  In his responses to the Court's questionnaire, Plaintiff alleges that he is currently represented in his Aransas County criminal proceedings by court-appointed attorney Douglas Defratus, who was not the same attorney referenced in the original complaint. While not precisely identifying the responsible court court-appointed attorney, Plaintiff alleges his defense attorney: (1) failed to move the Aransas County District Court for a preliminary hearing; (2) failed to provide any advice to Plaintiff with regard to requesting a hearing; (3) sought to coerce Plaintiff to enter into the plea agreement even though he was aware of

information as to Plaintiff's defense; and (4) failed to file a motion to reduce bond.  (Doc. No. 10, pp. 3, 5-6.)

Plaintiff essentially challenges the performance of his court-appointed attorneys in his still-ongoing Aransas County criminal proceedings.  Any alleged misconduct and deficient performance of his defense attorneys in the state criminal proceedings, however, did not occur under the color of state law.  *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as defendant's attorney in a criminal case); *Mills v. Criminal Dist. Court, # 3*, 837 F.2d 677, 678 (5th Cir. 1988) (concluding that court-appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (recognizing that retained counsel does not act under color of state law).  Accordingly, the undersigned recommends that Plaintiff's § 1983 claims against John or Jane Doe Court-Appointed Attorney and Defratus be dismissed as frivolous and for failure to state a claim for relief upon which relief can be granted because those attorneys are not state actors.

### 4.  Plaintiff's motion to suppress evidence, construed as a request for mandamus relief, should be denied.

Plaintiff states in his correspondence to the Court that he has enclosed the "Motion to Suppress Evidence" that he submitted to the 36th Judicial District Court in case numbers A-23-5013-CR and A-22-5176-CR.  (Doc. No. 12, p. 6).  Plaintiff indicates that the Aransas County district court has not addressed this motion or otherwise provided Plaintiff his "day in court."  *Id.* It is unclear whether Plaintiff is asking this Court to compel the Aransas County District Court to rule on the motion.

13 / 18

Even assuming Plaintiff is asking for assistance from this Court in the form of a writ of mandamus, such request must fail.  "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."  *Moye v. Clerk, Dekalb Cnty. Superior Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); s*ee also Cross v. Texas*, 508 F. App'x 290, 291 (5th Cir. 2013) (federal district courts lack authority to compel the state appellate court to loan the petitioner his desired records); *Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009) (federal district courts may not issue a writ of mandamus to compel state officials to give an inmate documents).  As this Court is without any authority to order the district court in Aransas County to rule on any of Plaintiff's motions filed in his state criminal proceedings, his motion to suppress evidence, construed as a request for mandamus relief, should be denied.

### 5.  *Plaintiff's letter, construed as a motion to amend, should be denied as futile.*

In his letter received by the Court on January 16, 2024, Plaintiff seeks to raise similar constitutional claims on behalf of other pretrial detainees confined at the ACDC.  (Doc. No. 13.) Plaintiff claims that the constitutional rights of these detainees were violated in several respects in connection with their respective criminal proceedings in the district court in Aransas County. *Id.* at 1-9.

The undersigned construes Plaintiff's letter as a motion to amend his complaint.  Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  A federal court has discretion, however, to deny a motion to amend when that amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCoy v. Alamu*, 950 F.3d 226, 234 n.12 (5th Cir. 2020).

Here, it would be futile for Plaintiff to assert claims on behalf of other pretrial inmates. First, an individual such as Plaintiff who does not "hold a law license may not represent other parties even on a next-friend basis." *Horttor v. Livingston*, No. 1:16-CV-214, 2019 WL 2287903, at *3 (N.D. Tex. May 29, 2019) (citing *Martin v. City of Alexandria*, 198 F. App'x 344, 346 (5th Cir. 2006)). Plaintiff, therefore, is not authorized to assert claims on behalf of any other pretrial detainee in this action.

Furthermore, Plaintiff cannot add these other pretrial inmates as plaintiffs in this case. In cases where there are multiple *pro se* inmates as plaintiffs, each co-plaintiff must pay the full filing fee.[4] *See Sneed v. Cotton*, No. 3:08-CV-2273, 2009 WL 222760, at *1 (N.D. Tex. Jan. 29, 2009); *see also Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (refusing to allow the joinder of multiple plaintiffs attempting to circumvent the PLRA's unambiguous requirement that each prisoner be required to pay the full amount of the filing fee). Rather than proceed in a single action, each pretrial detainee identified by Plaintiff would be required to file his or her own civil action asserting his individual claims. "Separate cases are proper because of the need for each individual plaintiff to represent himself with regard to the claims alleged in this case, the need for each plaintiff to sign the pleadings, and the likelihood that the factual grounds for each inmate's claims may differ." *Sneed*, 2009 WL 222760, at *1.

Accordingly, Plaintiff's letter (Doc. No. 13), construed as seeking leave to amend his complaint by either asserting claims on behalf of other pretrial detainees or adding them as plaintiffs to this action, should be denied as futile.

---

[4] Pursuant to the Prison Litigation Reform Act, a prisoner must ultimately pay the filing fee even when he or she is granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(b).

### E. *Leave to amend?*

The undersigned is recommending dismissal of Plaintiff's claims. "When the dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint." *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). But as noted above, leave to amend need not be granted if amendment would be futile – for example, if an amended complaint would still fail to state a claim upon which relief may be granted. *See Foman*, 371 U.S. at 182.

"If the prisoner has filed his complaint and submitted questionnaire responses, then the court may conclude that he has pleaded his best case such that granting him further leave to amend would be futile or cause unnecessary delay." *Clark v. Waddell*, No. 7:22-cv-00059-M-BP, 2023 WL 8605313, at *18 (N.D. Tex. Nov. 15, 2023) (citing *Witherspoon v. Waybourn*, No. 4:20-cv-1150-P, 2021 WL 2635917, at *10 (N.D. Tex. June 25, 2021) and *McLean v. King*, No. 3:20-cv-1244-C-BK, 2020 WL 6049297, at *2 (N.D. Tex. Sept. 15, 2020)); *see also Mejia v. Monroe*, No. H-18-3036, 2021 WL 765726, at *2 (S.D. Tex. Feb. 26, 2021) (Miller, J.) (finding that inmate had pleaded his best case where he was afforded an opportunity to plead facts supporting his claim through a more definite statement). Here, Plaintiff has had the opportunity to plead his best case against all of the defendants, including through completion of the Court's questionnaire, but none of his claims are viable or otherwise properly raised in a § 1983 action. The undersigned therefore recommends dismissal without granting leave to amend.

***F. Conclusion and recommendations.***

The district court should take the following actions:

- DISMISS without prejudice Plaintiff's claims for money damages against Defendants Amanda Oster, Sabrina Austell, and Jaclyn Johnson in their official capacities as barred by the Eleventh Amendment;

- DISMISS Plaintiff's claims seeking habeas relief against Defendants without prejudice to raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies.

- DISMISS with prejudice Plaintiff's remaining claims against Defendants Oster, Austell, and Johnson in their individual capacities as frivolous, for failure to state a claim upon which relief can be granted, or on immunity grounds;

- DISMISS with prejudice Plaintiff's claims against John or Jane Doe Court-Appointed Attorney and Douglas Defratus as frivolous and for failure to state a claim upon which relief can be granted;

- DENY Plaintiff's Motion to Suppress Evidence (Doc. No. 12), construed as a request for mandamus relief;

- DENY Plaintiff's letter (Doc. No. 13), construed as seeking leave to amend his complaint by either asserting claims on behalf of other pretrial detainees or adding them as plaintiffs to this action, as futile; and

- IMPOSE a "strike" for purposes of 28 U.S.C. § 1915(g) and DIRECT the Clerk to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**G. Notice.**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on February 13, 2024.

MITCHEL NEUROCK
United States Magistrate Judge

18 / 18