Case 2:23-cv-00276   Document 22   Filed on 04/18/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE MEJIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00276 |
| | § | |
| AMANDA OSTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are:

- Plaintiff's complaint (D.E. 1), together with his more definite statement (D.E. 10);

- Plaintiff's motion to suppress evidence (D.E. 12), construed as a request for mandamus relief; and

- Plaintiff's letter (D.E. 13), construed as a motion for leave to amend his complaint to add claims of other detainees or add them as plaintiffs.

Plaintiff Mejia's complaint is subject to initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

On February 14, 2024, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 16), recommending that this action be dismissed for failure to state a claim upon which relief may be granted or as frivolous and that Mejia's construed motions be denied. Mejia timely filed his objections (D.E. 17, 18,

20) on February 26, 2024. Mejia's additional filing (D.E. 21) is disregarded as untimely and repetitive of his other filings.

Mejia's briefing addresses, in general terms, concepts of equal protection, due process, and criminal procedure. He addresses waiver of rights and rights vis-à-vis the qualification and empanelment of the grand jury, along with the validity of the indictments. But none of these issues go to the bases for the Magistrate Judge's recommended decisions. Consequently, they fail to raise a proper objection. See Fed. R. Civ. P. 72. An objection must point out with particularity the alleged error in the Magistrate Judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition).

The only assertion Mejia raises that goes to the reasoning in the M&R is his citation of a case that found that a plaintiff sufficiently pled facts to support an argument against governmental immunity. *Harrison v. Tex. Dep't of Crim. Just.-Institutional Div.*, 915 S.W.2d 882, 888 (Tex. App.—Houston [1st Dist.] 1995, no writ). D.E. 18, p. 16. However, the *Harrison* opinion clearly holds that the pleadings were insufficient with respect to the plaintiff's § 1983 claim, the type of claim asserted here. The viable argument in *Harrison* was addressed to state law, which is not at issue here. Mejia offers nothing specific that applies the *Harrison* case to the M&R. To the extent that this argument states an objection, it is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Mejia's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Mejia's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court:

- **DISMISSES** without prejudice Plaintiff's claims for money damages against Defendants Amanda Oster, Sabrina Austell, and Jaclyn Johnson in their official capacities as barred by the Eleventh Amendment;

- **DISMISSES** Plaintiff's claims seeking habeas relief against Defendants without prejudice to raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies.

- **DISMISSES** with prejudice Plaintiff's remaining claims against Defendants Oster, Austell, and Johnson in their individual capacities as frivolous, for failure to state a claim upon which relief can be granted, or on immunity grounds;

- **DISMISSES** with prejudice Plaintiff's claims against John or Jane Doe Court-Appointed Attorney and Douglas Defratus as frivolous and for failure to state a claim upon which relief can be granted;

- **DENIES** Plaintiff's Motion to Suppress Evidence (Doc. No. 12), construed as a request for mandamus relief;

- **DENIES** Plaintiff's letter (Doc. No. 13), construed as seeking leave to amend his complaint by either asserting claims on behalf of other pretrial detainees or adding them as plaintiffs to this action, as futile; and

- **IMPOSES** a "strike" for purposes of 28 U.S.C. § 1915(g) and DIRECTS the Clerk to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**ORDERED** on April 18, 2024.

*[Signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE